LIONEL TRADING CO., INC. *v.* UNITED STATES (No. 3625)[1]

[1] T. D. 46889.

United States Court of Customs and Patent Appeals, January 22, 1934

*Siegel & Mandell* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty*, special attorney, of counsel), for the United States.

[Oral argument December 11, 1933, by Mr. Siegel and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, reversing the judgment of the single judge in a reappraisement proceeding, and remanding the case with direction to dismiss appellant's appeal to reappraisement.

The merchandise involved consists of paper boxes used as containers of powder and perfumery, exported from France and entered through the port of New York during May 1929.

The local appraiser appraised the merchandise at the invoice value, disallowing a deduction therefrom of 28 per centum which appellant made upon entry to make market value.

Appellant appealed to reappraisement, and claimed that the merchandise should be appraised upon the basis of foreign value under the provisions of section 402 (b) of the Tariff Act of 1922.

Upon the record presented at the first trial, the single judge decided in favor of appellant. Upon appeal by the Government the Third Division of the Customs Court held that neither foreign nor export value of the merchandise had been established. It accordingly reversed the judgment of the trial judge and remanded the case for the purpose, as stated in the judgment, of affording appellant an opportunity to show cost of production "if it so desires."

The case was again tried before the single judge, in accordance with said remand, and said judge again decided in favor of appellant, holding that it had established the cost of production on the date of shipment of the merchandise, and that such cost was equal to the entered value of the merchandise.

Upon appeal from said decision, the Third Division reversed the decision of the trial judge and the case was "remanded with directions to dismiss the same."

In its decision the appellate division held that there was neither foreign-market nor export value of the merchandise in question established, and further stated:

On the question of the cost of production it is observed that the affidavits (Collective Exhibit 39) give the cost and general expenses, the profit and sales price. In the affidavit made by Pierre Clement he itemized (1) the cost of study, or preparing, and of tools, (2) raw materials, labor and profit of 15 percent, (3) general expenses of sale, and (4) general expenses of manufacture; and takes the sum of these items as the sales price of the imported boxes. The affidavit of Gouvernet itemizes (1) cost, (2) general expenses, and (3) profit. In neither of these affidavits do we find any mention of the cost of containers, etc., required in subsection (e), paragraph 3 of section 402 of the Tariff Act of 1922, which is in the following language:

402. (e) For the purpose of this title the cost of production of imported merchandise shall be the sum of—
(3) The cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; * * *.

We cannot presume that there was no item of this character involved, because the last page of the consular invoice notes the packing charge. There is an additional unexplained labor charge also noted thereon. Whether it falls within paragraph (3) or not we cannot say. It is not possible to pro rate this packing charge amongst the boxes in suit, for the reason that it is a lump charge covering the importation of both boxes and bottles. We are dealing solely with boxes in this case.

It is our opinion, therefore, that the importer has failed to make a case. Not having proven foreign value, export value or cost of production, the case should have been dismissed by the judge below under the ruling of *Malhame* v. *United States*, 19 C.C.P.A. (Customs) 164, T.D. 45276. It is therefore reversed and remanded with directions to dismiss the same.

Thereafter appellant entered a motion for rehearing, calling the attention of the court to the fact that the invoice separately states charges for packing of the boxes and bottles, using the term "emball-age." The motion was denied by the appellate division, thus indicating that, even though packing charges were separately stated, it did not consider that said invoice and the affidavit thereto attached was sufficient to establish—

the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States * * *.

We cannot hold that the lower court erred in holding that appellant had failed to establish cost of production as required by said section 402 (e). The item in the consular invoice denominated "labour" is wholly unexplained. It is stated to be 33.60 francs, but the item covers both the boxes here involved and also bottles not here in issue. Said

labor charge may or may not have been a part of the cost of containers. Said labor charge is not contained in the purchaser's invoice, and we cannot tell whether or not it should be included in the cost of production as defined by the statute. In any event, the lower court weighed the evidentiary value of the invoice and concluded that it did not establish cost of containers, etc., as set out in paragraph 3 of section 402 (e), and we cannot say that such invoice and affidavit thereto attached conclusively establish the items in said paragraph 3 required to be shown in establishing cost of production.

The trial court held that the importer had failed to make a case because it had not proved foreign value, export value, or cost of production. We think that, upon the whole record, it was established that the merchandise involved had neither a foreign nor an export value, and that the only issue before the lower court was that of cost of production. While appellant's counsel in his brief makes some contention that the record establishes foreign value of the merchandise, he conceded upon oral argument that the merchandise had no foreign value.

Appellant requests that if the judgment is not reversed *in toto*, it be reversed and remanded for the purpose of permitting proof of the cost of containers and packing, as required by said paragraph 3 of section 402 (e).

We do not think we are warranted in so doing. The lower court in its first decision reversed the decision of the trial judge and remanded the cause for the express purpose of affording appellant an opportunity to prove the cost of production as provided by the statute. There was no attempt in any of the proof offered to establish the cost of containers and packing, although the statute is plain that these items are a part of the cost of production.

This is not a case where the parties proceeded upon a wrong theory, and where, in the interest of justice, we have remanded a case for a new trial, such as *United States* v. *Tide Water Oil Co.*, 19 C.C.P.A. 392, T.D. 45554, and *Chas. A. Johnson & Co.* v. *United States*, 17 C.C.P.A. (Customs) 107, T.D. 43432.

In the case at bar there is simply a question of proof of the cost of production, which was the only issue involved upon the retrial of the case, and we think that the general rule stated in *United States* v. *Malhame & Co.*, 19 C.C.P.A. (Customs) 164, T.D. 45276, should be adhered to.

The judgment of the United States Customs Court is *affirmed*.